21480070T4 arm                                                                Firm I.D. #36699

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HOTMAN BUTAR BUTAR, Special Administrator of the Estate of WASINTON BUTAR BUTAR, deceased, WILIATER SITUMORANG, Special Administrator of the Estate of BERGMAN SITUMORANG, deceased, MRS. TAUHIDDIAH, Special Administrator of the Estate of MRS NURBAIDAH, deceased and DAHLAN RAM, deceased, MRS. BARISAH, Special Administrator of the Estate of SOFYAN AHMAD, deceased, HAMID SIREGAR, Special Administrator of the Estate of DR. ENDANG DWI PUTRANTI HAMID, deceased. <br><br> Plaintiffs <br><br> v. <br><br> HAMILTON SUNDSTRAND CORP., a corporation, <br><br> Defendant. | Case No.: 09-CV-3437 <br><br> Judge Zagel <br><br> Mag. Judge Schenkier |

## HAMILTON SUNDSTRAND CORPORATION'S RULE 12(b)(6) MOTION TO DISMISS PLAINTIFFS' COMPLAINT

Defendant, HAMILTON SUNDSTRAND CORPORATION ("Hamilton Sundstrand"), by and through its attorneys, CRAY HUBER HORSTMAN HEIL & VanAUSDAL LLC, respectively submits this Motion to Dismiss Plaintiffs' Complaint for Failure to State a Claim Upon Which Relief Can Be Granted pursuant to Federal Rule of Civil Procedure 12 (b)(6). In support of this Motion, Hamilton Sundstrand states as follows:

### BACKGROUND

The instant action is the third complaint filed by these plaintiffs regarding an airplane crash of PT Garuda Indonesia Airline Flight GA152 near Medan, Indonesia ("Garuda crash"). (See the current complaint, Count I, ¶¶ 3 & 6, attached hereto as Exhibit 1.) The flight originated from Jakarta, Indonesia before flying to Medan, Indonesia. (See Exhibit 1, Count I,

¶¶ 3 & 6, and Count II). Plaintiffs seek to recover under theories of strict product liability and negligence. (Exhibit 1, Counts I and II, respectively).

The chronological history of the plaintiffs' filings of these three complaints based on the same Garuda crash is as follows:

1. On February 19, 2008, plaintiffs filed their first complaint against Hamilton Sundstrand in the Circuit Court of Cook County, Illinois, Law Division. That complaint is identical to the complaint filed in the instant action and alleges the exact same facts and causes of action at issue in the current complaint. (See the February 19, 2008 complaint attached hereto as Exhibit 2). On May 22, 2008, plaintiffs voluntarily dismissed the plaintiffs' February 19, 2008 complaint. (See the order of dismissal attached hereto as Exhibit 3).

2. On April 16, 2008, the very same plaintiffs filed suit against Honeywell International Inc. in the United States District Court for the Northern District of Illinois, Eastern Division, alleging strict product liability and negligence based on the exact same facts and circumstances as the February 19, 2008 complaint. (See the April 16, 2008 complaint attached at Exhibit 4). On April 8, 2009, plaintiffs voluntarily dismissed the April 16, 2008 complaint. (See the April 8, 2009 order attached hereto as Exhibit 5).

3. Six weeks later, on May 21, 2009, plaintiffs filed this complaint against Hamilton Sundstrand in the Circuit Court of Cook County, Illinois, Law Division, which is identical to the complaints previously filed and dismissed twice by the plaintiffs.

The filings in all three complaints are based on the same set of facts and circumstances arising out of the Garuda crash, and they all seek the same relief.

As will be shown, the instant complaint filed on May 21, 2009 is barred by the Illinois "one-refiling" rule.

## RULE 12(b)(6) MOTION TO DISMISS STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) determines whether the claimant has properly stated a claim. Scheuer v. Rhodes, 416 U.S. 232, 236, 94 Sup. Ct. 1683, 1686, 40 L. Ed.2d 90 (1974). Dismissal is appropriate where the plaintiff can prove no

set of facts in support of its claim that would entitle him/her to relief. Pugel v. Board of Trustees of University of Illinois, 378 F.3d. 659, 662 (7th Cir. 2004).

## ARGUMENT

1. **Plaintiffs have refiled this complaint three times, in violation of the "one-refiling" rule, and therefore, the plaintiffs' complaint must be dismissed.**

The present action is barred by the Illinois "one-refiling" rule. The statute of limitations is generally considered part of a foreign state's substantive law which federal courts must apply when sitting in diversity. Evans v. Lederle Laboratories, 167 F.3d. 1106, 1111-12 (7th Cir. 1999). The Seventh Circuit has applied the Illinois "one-refiling rule" in diversity cases. Id. at 1111. The Seventh Circuit has also previously recognized that the rule allows for only a single refiling, whether in state court or federal court. Id. In so holding, the Evans court explained:

> "[A] plaintiff who has filed suit in state court and subsequently commenced diversity proceedings in the district court has exhausted the rule and **cannot refile in either court for a second time**. Regardless of the forum, Illinois permits a plaintiff just two bites at the apple."

Id. at 1112 (emphasis added).

2. **Plaintiffs' failure to name Hamilton Sundstrand in plaintiffs' second complaint does not preclude application of the "one-refiling" rule.**

The "one-refiling rule applies to all complaints filed by a plaintiff, no matter who is named as a defendant. In Evans, the first complaint filed in state court did not name Lederle Laboratories as a defendant. 167 F.3d. at 1112. Lederle was only named in the second and third complaints, both filed in federal court. Id. Lederle argued that plaintiff's third complaint was barred by the Illinois "one-refiling" rule because the filings in state and federal court were based on the same essential group of operative facts and, thus, constituted the same proceedings for the purposes of the Illinois "one-refiling" rule. Id. at 1113. The Seventh Circuit agreed that

plaintiff's third action was barred by the "one-refiling" rule because the actions all arose out of the same essential facts. Id.

In its holding, the Evans Court addressed the issue of whether the "one-refiling" rule applies if the actions name different defendants. The Seventh Circuit concluded that the rule does not differentiate on its face between actions brought against different defendants by the same plaintiff. Id. The Court found:

> "Illinois courts have held that, for the purposes of § 13-217, a complaint is deemed to be refiled where it contains the same cause of action as defined by *res judicata* principles. (Internal citations omitted.) *Res judicata* bars a further suit if 'the same facts were essential to maintain both actions' or if 'a single group of operative facts gives rise to the assertion of relief.' (Internal citations omitted.) Here, Evans's claims against all three defendants arise out the same essential group of operative facts. Insofar as § 13-217 is designed to temper the litigious excesses of plaintiffs, **it is reasonable to apply it to multiple refilings of the same action even against additional defendants**."

Id. (emphasis added).

The Seventh Circuit concluded by holding that plaintiff should not be able to maintain the action "simply because Lederle was not named as a party in the original state court action." Id.

The Seventh Circuit's holding in Evans is dispositive in the instant matter. Plaintiffs filed their first complaint in state court in February 2008. That case was voluntarily dismissed in May 2008. Plaintiffs then refiled their complaint in federal court against Honeywell International Inc. in April 2008 alleging the same set of operative facts as the first complaint. That complaint was voluntarily dismissed by plaintiffs in April 2009. On May 21, 2009, plaintiffs refiled for the third time the **exact same lawsuit** against Hamilton Sundstrand. Based on the law in the Seventh Circuit, and a review of the attached three complaints, the instant action must be dismissed as it violates the Illinois "one-refiling" rule.

## CONCLUSION

WHEREFORE, for the foregoing reasons, defendant HAMILTON SUNDSTRAND CORPORATION requests this court grant its Rule 12(b)(6) motion to dismiss plaintiffs' complaint, and dismiss plaintiffs' complaint with prejudice.

                        Respectively submitted,

                        CRAY HUBER HORSTMAN HEIL &
                        VanAUSDAL LLC

                        By: /s/ Stephen W. Heil
                            Stephen W. Heil, Attorney for defendant
                            Hamilton Sundstrand Corporation

Stephen W. Heil
Ronald L. Wisniewski
CRAY HUBER HORSTMAN HEIL
& VanAUSDAL LLC
303 West Madison, Suite 2200
Chicago, Illinois 60606
(312) 332-8450
(312) 332-8451 (Fax)

## CERTIFICATE OF SERVICE

    I hereby certify that on June 9, 2009, I electronically filed the attached Defendant Hamilton Sundstrand Corporation's Rule 12(b)(6) Motion to Dismiss Plaintiffs' Complaint with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to all attorneys of record.

                        /s/ Stephen W. Heil
                        Stephen W. Heil