UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HOTMAN BUTAR BUTAR, Special Administrator of the Estate of WASINTON BUTAR BUTAR, deceased, WILIATER SITUMORANG, Special Administrator of the Estate of BERGMAN SITUMORANG, deceased, MRS. TAUHIDDIAH, Special Administrator of the Estate of MRS. NURBAIDAH, deceased and DAHLAN RAM, deceased, MRS. BARISAH, Special Administrator of the Estate of SOFYAN AHMAD, deceased, HAMID SIREGAR, Special Administrator of the Estate of DR. ENDANG DWI PUTRANTI HAMID, deceased,<br><br>      Plaintiffs,<br><br>      v.<br><br>HAMILTON SUNDSTRAND CORP., a corporation,<br><br>      Defendant. | No. 09 C 3437<br>Judge James B. Zagel |

## MEMORANDUM OPINION AND ORDER

**I. BACKGROUND**

On September 26, 1997, Plaintiffs' decedents were passengers on board an Airbus A300 aircraft, operated by P.T. Garuda Indonesia Airlines as Flight GA 152 from Jakarta to Medan, Indonesia. Defendant Hamilton Sundstrand ("Hamilton") designed, manufactured and assembled a Ground Proximity Warning System ("GPWS") that was in operation on Flight 152 at the time of the crash. Plaintiffs allege that the GPWS was defective when it left Hamilton's control and that the alleged defect was the direct and proximate cause of the crash. Plaintiffs filed this action in the Circuit Court of Cook County, Illinois. The complaint sets forth two counts: Count I is a

wrongful death claim brought pursuant to 740 Ill. Comp. Stat. 180/0.01, the Illinois Wrongful Death Act, and Count II is a strict liability claim for defective design. Defendants subsequently filed a notice of removal pursuant to 28 U.S.C. §§ 1141 and 1446. Plaintiffs now move to remand the action and Defendants move to dismiss.

This is not the first time Plaintiffs have initiated an action against Hamilton. On February 19, 2008 Plaintiffs filed essentially the same complaint against Hamilton in the Circuit Court of Cook County, Illinois. On February 27, 2008, the State Court, upon Defendant's motion, consolidated the action with pending actions of the minor children of other deceased passengers. On May 22, 2008, Plaintiffs voluntarily dismissed the complaint.

On April 16, 2008, Plaintiffs also filed a similar complaint, based on the same incident, against Honeywell International Inc., which purchased the division of Hamilton responsible for the manufacture of the subject GPWS. In that action, Plaintiffs alleged Sundstrand designed, manufactured and sold the defective GPWS to Airbus sometime prior to 1993. In July 1993, the sale to Honeywell (formerly Allied Sign Co.) occurred. According to Plaintiffs, at the time of the sale, Honeywell, through its employees who were formerly employees of Sundstrand, knew of the defective and dangerous condition of the GPWS. Subsequently, Honeywell acquired additional knowledge of the defective nature of the device. Plaintiffs brought their action pursuant to the Illinois Wrongful Death Act, alleging that Honeywell negligently failed to warn of the defect. Shortly after the action was filed in federal court, Defendant removed the pending state court actions against it pursuant to Section 1441(e)(1) and 28 U.S.C. § 1369, the Multiparty, Multiforum Jurisdiction Act, which allows piggybacking of certain claims. The actions were

remanded for lack of jurisdiction. On April 8, 2009, Plaintiffs voluntarily dismissed the federal suit against Honeywell.

For the following reasons, Plaintiffs' Motion to Remand is denied, and Defendant's Motion to Dismiss is denied.

## II. DISCUSSION

### A. Plaintiffs' Motion to Remand

The party seeking removal bears the burden of demonstrating the propriety of removal. *Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529 (7th Cir. 2004). "Courts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum. Any doubt regarding jurisdiction should be resolved in favor of the states." *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993).

Plaintiffs make several arguments in favor of remand and against Defendant's removal of this action. First, Plaintiffs argue that Defendant's notice of removal is untimely under the thirty-day limitation prescribed in 28 U.S.C. § 1446(b), since the thirty-day period should commence not with service of Plaintiffs' refiled complaint, but rather with service of the original complaint. Second, Plaintiffs claim that Defendant has waived its right to removal where there was a ruling on the merits in the original action and Hamilton took discovery depositions of these particular Plaintiffs. Finally, Plaintiffs maintain that Hamilton is judicially estopped from seeking removal. I will address each argument in turn.

First, Plaintiffs argue that Defendant's notice of removal is untimely under the thirty-day limitation prescribed in 28 U.S.C. § 1446(b). Section 1446(b) states:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

According to Plaintiffs, the thirty-day period should commence not with service of Plaintiffs' refiled complaint, but rather with service of the original complaint. Defendant argues that Plaintiffs' refiled complaint creates a new action for purposes of removal, rendering Defendant's removal timely. The issue, then, is whether, for the purposes of Section 1446(b), the action Defendant has removed is a new action, independent of the original case against it, or a continuation of the initial action. I find that it is a new action, and that as such, Defendant's removal is not barred by the thirty-day limit.

In order to determine whether removal of this particular action is timely pursuant to § 1446(b), I must look to the date of receipt of the "copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" "Such action" refers to this particular action - the action which is the subject of the notice of removal. The first paragraph of Section 1446(b) makes clear that the significant date is that of the receipt of the initial pleading involved in the particular action for which removal is sought.

Case law on the matter supports this finding. In *Marquette v. Matra Transport, S.A.*, the court held that the one-year removal period also under § 1446 (b) began upon service of the plaintiff's refiled complaint.[1] No. 96 C 6768, 1997 WL 222933, at *1-2. There, the court based

---

[1] As the court in *Marquette* notes, a similar issue was addressed in *Chott v. Cal Gas Corp.*, 746 F. Supp. 1377 (E.D. Mo. 1990). In that case, plaintiff refiled an action against defendant that it had voluntarily dismissed more than a year earlier. *Id.* at 1378. The defendant removed the action to federal court. *Id.* The plaintiff, in opposition, argued that removal was

its holding on the definitions of the terms "action" and "claim," both of which appear in the first and second paragraphs of Section 1446(b).

> The common legal definition of an action is "a suit brought in court; a formal complaint within the jurisdiction of a court of law." Black's Law Dictionary 5th Edition (West 1979). A claim, on the other hand, is the aggregate of operative facts which give rise to a right enforceable in the courts. Actions and claims are not synonymous. Rather, an action is the sum total of the claims which the parties assert against each other.

*Id.* (citations and quotations omitted). Although the claims for relief are identical in both actions against Hamilton, it is the date of service of the formal complaint in this particular action that matters here and not the claim in its previous incarnation.

Plaintiffs assert that *Marquette* is not on point, since it did not involve the thirty-day period for removal at issue in this case, but rather concerned the definition of "action" under paragraph two of Section 1446(b) which states that an "action" cannot be removed more than one year after its commencement. This argument is unavailing and suggests no reason to depart from *Marquette*. First, as discussed *supra*, the definition of the term "action" is significant to the matter before me. Second, Plaintiffs point to no alternative definition, nor to any reason to conclude that the definition of "action" should be different in paragraph one than it is paragraph two of the same Section. Finally, Plaintiffs cite no case law interpreting paragraph one of Section 1446(b) in this particular context.

---

untimely since the refiled action was a continuation of the original suit. *Id.* The court determined that a "voluntary dismissal without prejudice leaves the situation as if the action had never been filed." *Id.* (citing 9 C. Wright & A. Miller, Federal Practice and Procedure § 2367, at 186 (1971)). Because "plaintiff's refilling of the petition after a voluntary dismissal creat[ed] a new action for purposes of removal[,]" defendant's removal fell within the one-year limitation . *Id.*

Plaintiffs also argue that *Marquette* is distinguishable from this case in that the plaintiff in *Marquette* dismissed the initial action against defendants before they were served. However, the holding in *Marquette* does not turn on this fact. The court in that case reached its conclusion by defining the terms of § 1446(b). The lack of service does not alter these definitions.

In support of their position, Plaintiffs cite *Graft v. Alcoa*, No. 1:02-cv-01848-JDT-TAB, 2003 WL 1984347 (S.D. Ind. 2003), noting the court's holding that "the one year period for removal under § 1446(b) commences with the filing of the original action." However, *Graft* involved the filing of an amended complaint, not the refiling of a voluntarily dismissed action. Plaintiffs also rely on *Sikora v. AFD Industries, Inc.*, in which the court held that the refiling of a voluntarily dismissed action did not revive the defendants' statutory right under Illinois law to pursue a third party claim. 18 F. Supp. 2d 839, 841 (N.D. Ill. 1998). This is a different issue from the one presented here, and *Marquette* is more on point.

Plaintiff further point to *Wilson v. Intercollegiate (Big Ten) Conference Athletic Assoc.*, in which Judge Posner discussed the dual purpose of the thirty-day limitation as follows:

> to deprive the defendant of the undeserved tactical advantage that he would have if he could wait and see how he was faring in state court before deciding whether to remove the case to another court system; and to prevent the delay and waste of resources involved in starting a case over in a second court after significant proceedings, extending over months or even years, may have taken place in the first court.

668 F.2d 962, 965 (7th Cir. 1982). In *Wilson*, defendant waived his right to remove the case after it was initially filed. *Id.* at 963. Plaintiff subsequently amended his complaint, adding new federal claims, and defendant argued that the amendment revived his right to remove. *Id.* at 965. The Court noted the existence of an exception to the § 1446(b) thirty-day limit for cases

where the plaintiff's amended complaint changed the nature of the action such that it becomes essentially a new suit. *Id.* The Court held, based on the facts and procedure of that case, that defendant's right was not revived with the filing of the amendment. The court considered the policy of the thirty-day limitation, whether the amended complaint fundamentally altered the original complaint such in effect, a new case began, and issues of federalism, and determined that defendant's right to remove was not revived with the filing of the amended complaint.

*Wilson* is distinguishable from the case before me in that it addresses whether a defendant's right to remove is revived after the filing of an amended complaint. At issue in this case is not an amended complaint, but rather a refiled complaint. It is unclear that the exception to the thirty-day limitation even applies in the case of a refiled complaint, since the filing of such a complaint is the filing of a new suit or action. As such, there may be no need to engage in the analysis set forth in Wilson.

Even were I to conduct the inquiry set forth in *Wilson*, Defendant's removal would be timely. Plaintiff argues that the policy considerations underlying the thirty-day limit dictate a finding that removal is not warranted here. However, Defendant in this case did not "wait and see how he was faring in state court before deciding whether to remove the case[.]" Plaintiffs voluntarily dismissed the action against Defendant. It was only after Plaintiffs filed a second action against Defendant that it removed the case. Any tactical advantage gained by Defendant cannot be said to be undeserved when Plaintiffs dismissed and then refiled the action, and it is not Defendant that is seeking to "start a case over." Furthermore, the refiling is, by definition, a new action and Plaintiffs point to no implicated issues of federalism. Under the *Wilson* inquiry,

7

Defendant has the right to remove the refiling. For these reasons, Defendant's removal is timely.[2]

Second, Plaintiffs claim that Defendant has waived its right to removal where there was a ruling on the merits in the original action and Hamilton took discovery depositions of these particular Plaintiffs. Plaintiffs' argument assumes that the refiled case is a continuation of the original action, but the refiled action is a new action, and Plaintiffs point to no authority in which defendant's conduct in an earlier filed action resulted in a waiver of rights in a subsequent action. *See Wisconsin v. Amgen, Inc.*, 516 F.3d 530, 533-34 (7th Cir. 2008) (holding that the language of paragraph two of Section 1446(b) refers "to pleadings, etc., filed in the suit sought to be removed, not in some other suit"). Because the refiled action is new action, there can be no waiver based on Defendant's conduct during the initial action. *See Baker v. Firestone Tire & Rubber Co.*, 537 F. Supp. 244, 247 (S.D. Fla. 1982) (where defendant did not seek removal and plaintiff voluntarily dismissed its action more than a year later, plaintiff's refiling of the suit "was a wholly new lawsuit," and defendant did not waive his right to remove the subsequent action).

Plaintiffs claim that Defendants took discovery depositions of these particular Plaintiffs in both the federal action against Honeywell and in the then-recently-dismissed state action against Hamilton. According to Plaintiffs, counsel from both sides agreed that the depositions of these plaintiffs and beneficiaries would be taken in both the federal court action against

---

[2] Although there is some disagreement as to whether courts should use state or federal law to interpret the language of § 1446(b), the result is the same, regardless of the law applied here. *See Marquette*, 1997 WL 222933, at *1; *see also Dubina v. Mesirow Realty Development, Inc.*, 687 N.E.2d 871, 875 (Ill. 1997) (holding that a refiled action after a voluntary dismissal is a new and completely distinct action from the original).

Honeywell and in the to-be-refiled state court action against Hamilton. Plaintiffs maintain that their counsel would never have agreed to produce the witnesses for deposition without such an agreement. While this may be true, it is unclear how these negotiations affect Defendant's statutory right to remove. Furthermore, there is no reason why discovery already taken by Defendant during the first case cannot be used in this case. Although this court is undoubtedly not as familiar with the facts and history of the case as the state court, this cannot justify the denial of Defendant's statutory right to removal.

Finally, Plaintiffs argue that Defendant is judicially estopped from seeking removal since it was Defendant who first induced Plaintiffs to file this action in state court as a prerequisite to conduct settlement discussions, the parties agreed to certain depositions with the understanding that Plaintiffs would refile the action against Hamilton in state court, and Defendant has consistently maintained that all actions arising from this occurrence should be brought in one forum. However, Plaintiffs' judicial estoppel argument fails as a matter of law. "The doctrine [of judicial estoppel] does not apply to all types of inconsistency, but only inconsistency in assertions of fact." *McNamee v. Sandore*, 869 N.E.2d 1102, 1113 (Ill. App. 2007). It does not apply to inconsistent legal positions. *People v. Jones*, 861 N.E.2d 967, 985 (Ill. 2006); *Cress v. Recreation Services, Inc.*, 795 N.E.2d 817, 841 (Ill. App. 2003).

For these reasons, Plaintiffs' Motion to Remand is denied.

**B. Defendant's Motion to Dismiss**

Defendant argues that Plaintiffs' action is barred by Illinois' one-refiling rule, and should therefore be dismissed. The applicable version of the Illinois Savings Statute provides:

> In the actions specified in Article XIII of this Act or any other act or contract where the time for commencing an action is limited, if . . . the action is voluntarily dismissed by the plaintiff, . . . the plaintiff . . . may commence a new action within one year or within the remaining period of limitation, whichever is greater, . . . after the action is voluntarily dismissed.

735 ILL. COMP. STAT. 5/13-217 (West 1994). *See Hudson v. City of Chicago*, 889 N.E.2d 210 (2008) (1994 version of statute remains in effect due to unconstitutionality of subsequent amendment).

Defendant maintains that this action by Plaintiffs is an impermissible third bite at the apple, the first being the initial action against Hamilton, and the second being the case against Honeywell. According to Defendant, the one-refiling rule applies to all complaints no matter who is named as Defendant where the cases involve the same essential group of operative facts. In support of its position, Defendant relies on *Evans v. Lederle Laboratories*, 167 F.3d 1106 (7th Cir. 1999). In that case, plaintiff, on behalf of her daughter, brought suit against vaccine maker Lederle, a medical clinic, and an administering physician for injuries allegedly suffered as a result of the vaccine. Although defendant Lederle was named only in plaintiff's second and third complaints, the Court held the third complaint to be barred by the one-refiling rule because plaintiff's "claims against all three defendants [arose] out of the same essential group of operative facts." *Id.* at 1112. To hold otherwise, the Court reasoned, would result in a plaintiff's ability "to prolong litigation indefinitely merely by failing to join necessary defendants." *Id.*

*Evans* is distinguishable and does not apply in this case. In *Hendricks v. Victory Memorial Hospital*, 755 N.E.2d 1013 (Ill. App. 2001), the Illinois Court of Appeals both distinguished and declined to follow *Evans*. Plaintiff in *Hendricks* sued her doctor, Sipos, a staff physician at Victory Hospital, for malpractice. *Id.* at 1013. She eventually voluntarily

dismissed the complaint, and subsequently filed a new complaint against both Sipos and Victory, alleging medical malpractice against the doctor and negligent credentialing against the hospital. After settling with Sipos, plaintiff voluntarily dismissed the complaint against both defendants, and later filed another complaint solely against Victory.

First, the Court distinguished *Evans*, on the basis that the defendants *Hendricks* were accused of different activities that took place at different times.

> In [*Evans*], all three defendants were potentially liable for exactly the same conduct: providing the vaccine to plaintiffs' son. Here, plaintiffs' causes of action against Sipos and Victory, while relating in a general way to the same conduct, allege separate activities. Sipos was allegedly liable for negligently treating Nancy Hendricks while Victory is allegedly liable for negligently giving Sipos credentials to practice at the hospital. Victory's acts involved in credentialing Sipos necessarily took place earlier than Sipos' treatment of Hendricks and involved entirely different activities.

*Id.* at 1015.[3]

Similarly, this case is distinguishable from *Evans*. Although related to the same occurrence, the activities alleged in the complaints against Hamilton are different from those alleged against Honeywell, and they are separated in time. Hamilton is accused of designing, manufacturing, and selling a defective GPWS prior to the sale to Honeywell; Honeywell is alleged to have negligently failed to warn of the defect after the sale. This conduct is not identical, and under *Hendricks*, the present action is not barred.

Next, the *Hendricks* Court declined to follow *Evans*, and relied instead on *Flynn v. Allis Chalmers Corp.*, 634 N.E.2d 8 (1994), where the Court found because the plaintiff's first

---

[3] While the Seventh Circuit in *Muhammad v. Oliver* followed its ruling in *Evans*, it did so only after recognizing the distinction made in *Hendricks*, and finding that "in the present case all three defendants are sought to be held liable for the identical conduct[.]" 547 F.3d 874, 877 (7th Cir. 2008).

11

complaint was against a separate corporate entity than the second and third complaints, plaintiff's third complaint involving the same incident was not an improper second refiling. The *Hendricks* court concluded that where plaintiff has filed two previous actions relating to the same set of facts, but defendant was not a party to the first action, Section 13-217 does not bar refiling. Defendant in this case suggests that Hamilton and Honeywell's privity to each other, vis-a-vis the Stock, Note and Real Property Purchase Agreement entered into on July 14, 1993, makes them essentially the same defendant. However, Hamilton and Honeywell are two separate corporate entities and as such are two different defendants. For these reasons, Plaintiffs' claim is not barred by the one-refiling rule, and Defendant's Motion to Dismiss is denied.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Remand is denied and Defendant's Motion to Dismiss is denied.

ENTER:

_____
James B. Zagel
United States District Judge

DATE: September 11, 2009